On November 5, 1991 an employee of the Houston County Department of Human Resources received an anonymous report of *Page 478 
child abuse/neglect regarding the four children of H.R. A second report of child abuse/neglect was received by the department on November 6, 1991. The case was assigned to a social worker, Donna Jones, on December 3, 1991. Jones went to the mother's home on December 11, 1991 to investigate the reports. Jones explained to the mother that the department had received complaints of child abuse/neglect and that she needed to talk to the children and see the home in order to complete the investigation. The mother refused access to the home and refused to allow the children to be interviewed.
On January 15, 1992 Jones filed petitions in the Juvenile Court of Houston County alleging abuse and neglect of each of the four children. The petitions requested that the court "assume jurisdiction . . . and order access to these children as well as any psychological or medical exams necessary to complete this investigation." The petitions were based on §26-14-7(c), Code 1975. That statute provides that when consent to investigate the home or interview the child cannot be obtained "a court of competent jurisdiction, upon causeshown, shall order the parents or persons in charge of any place where the child may be to allow the interview, examinations and investigations" by DHR. (Emphasis added.)
A court referee heard the matter on January 31, 1992. The parties stipulated that the sole issue to be determined was whether there was sufficient cause shown to permit the department to enter the family's home and interview the children. After hearing the testimony, the referee made the following recommendation:
 "1. DHR has shown cause for such Order to issue based upon the two reports of neglect and abuse received, including but not limited to the allegations of two children being kept shut in a room; a child being sick and not receiving sufficient food; the child choking a cat; the child trying to 'hang' himself; the children being kept in the back of a van; and infestations of roaches in the physical home of the children;
". . . .
 "3. [The mother and father] are hereby restrained from hindering, interfering, or in any way preventing DHR from completing its investigation of the allegations as required by state law or be held in contempt of this Order."
On February 26, 1992 the district court judge entered an order confirming the findings and recommendations of the referee. Following procedural difficulty, which is not an issue, the mother appeals.
The contention of the parent is that the order for entry into her home was entered without probable cause and is in violation of her right against unreasonable search and seizure under theFourth Amendment of the Constitution of the United States. This contention is supported by brief and argument of local counsel and by that of counsel for Home School Legal Defense Association of Virginia.[1] Counsel also presents the contention that the court below erred in issuing its order because there was not "cause shown" as required by §26-14-7(c).
It is a principle oft stated by appellate courts that statutes and regulations are first examined by a reviewing court to see if constitutional questions can be avoided.Wyman v. James, 400 U.S. 309, 91 S.Ct. 381,27 L.Ed.2d 408 (1971); Dandridge v. Williams, 397 U.S. 471,90 S.Ct. 1153, 25 L.Ed.2d 491 (1970); Lowe v. Fulford,442 So.2d 29 (Ala. 1983). We opine that such principle is appropriate in this case. We therefore forgo the application of the Fourth Amendment. We construe and apply the plain direction of our own statute's words — "upon cause shown" — to the facts in this case. The words "cause shown" are used many times in Alabama statutes and court rules (appellant's brief states that a WestLaw search reveals 143). *Page 479 
These words are used in different contexts. They are used in the present statute in a judicial review context, i.e., a petition for right of entry by a public official into a private home where entry has been previously denied by the occupant. The legislature in enacting § 26-14-7 provided for an investigation of written or oral reports of abuse or dependency of children. It provided that the investigation may include an examination of the home where the child resides and an interview with the child in that home. It recognized that permission from the person responsible for the child is to be obtained before the examination or interview. It is to be logically assumed that in the great majority of such investigations, permission for entry to the home is not denied. However, if such denial occurs, as in this case, the legislature, aware of the right of privacy of a person's home and the protection provided by the Fourth Amendment of the United States Constitution and Article 1, § 5 of the Alabama Constitution as construed by the federal and state supreme courts, Michigan v. Clifford, 464 U.S. 287,104 S.Ct. 641, 78 L.Ed.2d 477 (1984); Camara v. MunicipalCourt, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967);Ex parte Kennedy, 486 So.2d 497 (Ala. 1986), provided a proper solution to the problem of such denial. The legislature said "if admission to the home . . . cannot be obtained, then a court of competent jurisdiction, uponcause shown, shall order the parents . . . to allow the . . . investigation." (Emphasis added.)
It cannot be reasonably gainsaid that such provision calls into action the judicial power of a court of competent jurisdiction. It cannot be reasonably disputed that in this context the petition for the right of entry must provide the court with information or material sufficient to invoke such power and authority.
What is a standard for the kind of and limits of information and material to be presented to the court which would rise to be "cause shown"? We will not attempt to establish the parameters of such a standard here. We suggest, however, that the power of the courts to permit invasions of the privacy protected by our federal and state constitutions, is not to be exercised except upon a showing of reasonable or probable cause to believe that a crime is being or is about to be committed or a valid regulation is being or is about to be violated.Camara.
With the apprehension that our legislature would not provide for the issuance of an order by a court for an investigative entry into a private home on any less "cause shown" than that required for an ordinary search warrant, we consider that the order entered in this case was illegal. The words "cause shown" in § 26-14-7(c) are construed to mean reasonable orprobable cause shown, i.e., reasonable or probable cause shown to believe that there is or has been an abuse of a child or that a child is then delinquent or dependent. In this case, the petition purporting to present "cause shown" merely alleged that there had been two reports telephoned in to DHR by an anonymous person that certain conditions existed or certain events affecting the children had occurred at the home of the mother. The reports had come in more than a month before an investigation was begun and investigative entry into the home was denied. It was another month before the petition was filed in court. Another month expired before the court entered judgment on the report of the referee. At the hearing on the petition, the referee expressed the opinion that she considered that the receipt of a report or complaint, anonymous or not, was sufficient "cause shown" under the statute.
The "cause shown" was unsworn hearsay and could, at best, present a mere suspicion. A mere suspicion is not sufficient to rise to reasonable or probable cause. Nicaud v. State exrel. Hendrix, 401 So.2d 43 (Ala. 1981).
This court is well acquainted with the difficult task of DHR in investigating charges and complaints of child abuse and neglect. However, the case worker cannot be empowered to enter private homes, poor or rich, without reasonable cause to believe that the charged acts are occurring. Such an entry is in pursuit of an investigation *Page 480 
which may or probably will result in a criminal charge or in removal of custody of children. We consider that the legislature did not intend to authorize an unconstitutional act in enacting § 26-14-7.
The order of the Juvenile Court of Houston County is reversed and set aside.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.
[1] Counsel from Virginia is not admitted to practice before the courts of Alabama. The record does not disclose that he has complied with our supreme court rules for foreign counsel to practice before this court. Rule VII, Rules Governing Admission to the Alabama State Bar (1985). There has been no objection filed; therefore, in this instance, we accept his brief.