Roger Morgan WIMER, individually, and Matthew Morgan Wimer and Clayton Hunter Wimer, through their father and next friend, Roger Morgan Wimer, Plaintiffs,

v.

Rene VILA, Dennis Mitchell and Don Hunter, Sheriff of Collier County, Defendants.

No. 97–385CIVFTM–26D.

United States District Court, M.D. Florida, Tampa Division.

March 3, 1999.

Michael R.N. McDonnell, Eric John Vasquez, McDonnell Trial Lawyers, Naples, FL, for Roger Morgan Wimer, Matthew Morgan Wimer and Clayton Hunter Wimer, plaintiffs.

Richard A. Purdy, Purdy, Jolly & Giuffreda, P.A., Terra Ceia, FL, for Rene Vila, Dennis Mitchell and Don Hunter, defendants.

### ORDER

LAZZARA, District Judge.

Before the Court is Defendants' Motion to Dismiss Second Amended Complaint and Notice of Adoption of Motion to Dismiss and Memorandum of Law Previously Filed (Dkt.41). Having reviewed the Second Amended Complaint (Dkt.40), and the arguments asserted, the Court grants the motion.

### Allegations of Second Amended Complaint

Roger Morgan Wimer is the natural/biological father of Matthew Morgan Wimer and Clayton Hunter Wimer, minors. (Dkt. 40 paras. 10 and 11). Rene Vila and Dennis Mitchell were at all pertinent times deputy sheriffs of Collier County "acting under the color of authority of the laws of the State of Florida, as well as individually." (Dkt. 40 paras. 7 and 8).

While visiting Florida, sometime between September 11, 1993, and September 12, 1993, the minor children (Plaintiffs) were taken from Plaintiff father into "custody" by Defendants Vila and Mitchell. (Dkt. 40 para. 22). Vila and Mitchell "took custody of the minor plaintiffs and then delivered the minor plaintiffs to the custody of the mother, meanwhile preventing plaintiff father from having further access to the children." (Dkt. 40 para. 22). Thereafter, Vila and Mitchell "turned the minor plaintiffs over to their natural/biological mother." (Dkt. 40 para. 24). The biological mother then moved the children to Canada. (Dkt. 40 para. 25).

Just prior to the removal of the minor children, on September 11, 1993, a confrontation occurred between the parents over the mother's desire to move the children to Canada. (Dkt. 40 paras. 15 and 16). After the confrontation, Plaintiff father took the minor children to a lodging, an apartment, separating them from the mother. (Dkt. 40 paras. 17 and 18). Vila and Mitchell thereafter removed the children from the lodging where the minor children were staying with the father. (Dkt. 40 para. 18). The deputies removed them "over the plaintiff-father's repeated objections" and after the father "informed the defendants that the minor plaintiffs' natural/biological mother intended to remove the minor plaintiffs to Canada and that he, the plaintiff father, was adamantly opposed to the children being taken from his custody and being placed in the custody of the mother by defendants." (Dkt. 40 paras. 21 and 23).

Vila and Mitchell "did not comply with Florida Statutes Section 39.401 when they failed to determine whether the minor plaintiffs had been abused, neglected, or abandoned, or were suffering from, or were in imminent danger of illness or injury as a result of abuse, neglect, or abandonment while in the custody and possession of the plaintiff father." (Dkt. 40 para. 26). The deputies were allegedly "conducting an investigation into alleged child neglect" and "were acting on behalf of the state for the alleged purpose of protecting the safety of the minor plaintiffs." (Dkt. 40 paras. 27 and 28). They "acted to deprive and terminate the plaintiff father's parental rights and his relationship with the minor plaintiffs." (Dkt. 40 para. 29).

Plaintiffs allege that no court has "entered an order stripping the plaintiff father of custody of, or any constitutionally protected rights regarding, the minor plaintiffs." (Dkt. 40 para. 12). No court has "entered an order awarding sole custody of the minor plaintiffs to the minor plaintiffs' natural/biological mother." (Dkt. 40 para. 13). Plaintiffs allege that "the plaintiff father had rights equal to the minor plaintiffs' natural/biological mother." (Dkt. 40 para. 14). Plaintiffs claim their Fourth and Fourteenth amendment rights have been violated. (Dkt. 40 para. 11).

The father in count I, and the minor children in count III, seek damages against Vila and Mitchell under 42 U.S.C. § 1983 for procedural due process violations. In count II, the father, and in count IV, the minor children, seek damages under 42 U.S.C. § 1983 for substantive due process violations. Counts V through VII seek damages against Sheriff Hunter for violations of state law grounded in negligence.

### Claims for Relief

Defendants assert four grounds for dismissal of the counts against Vila and Mitchell: 1) Plaintiffs failed to allege that the father was entitled to sole custody or that the mother was not entitled to custody (in other words, the mother was not entitled to equal custody); 2) a violation of section 39.401, Florida Statutes, does not give rise to section 1983 claims unless a separate and independent violation of a constitutional right is also alleged; 3) section 39.401 does not apply to this case because the facts do not indicate that the minor children were taken into state custody and deprived of any right to be with a custodial parent; and 4) government officials cannot be held liable for failure to protect an individual from actions of a third party such as the mother in this case.

As to the three counts against the Sheriff, Defendants request this Court decline to exercise supplemental jurisdiction over the state claims.

As to substantive due process, Plaintiffs counter in their Memorandum in Opposition to the First Amended Complaint (Dkt.29) that the deputies made a wrongful, unilateral decision that the mother had *superior* custodial rights to the minor children, both parents being "on equal footing with regard to their constitutional right to family." Plaintiffs assert that they have a constitutional right to family separate and apart from the violation of state law.

As to procedural due process, Plaintiffs contend that the state interfered with a liberty interest and that the procedures attendant upon the deprivation of their liberty interest were not constitutionally sufficient, citing *Farina v. City of Tampa*, 874 F.Supp. 383, 385 (M.D.Fla.1994). Specifically, Plaintiffs, citing section 39.401(1)(b), Florida Statutes, assert that the state agent failed to base the removal of the children on a finding of reasonable grounds that lead to a determination of probable cause. Plaintiffs contend that they have sufficiently alleged the children were taken into custody or, as that term is defined in section 39.01(70), Florida Statutes, "temporary physical control."

### Analysis

The Court will address *Ross v. State of Alabama*, 15 F.Supp.2d 1173 (M.D.Ala. 1998), and *Farina v. City of Tampa*, 874 F.Supp. 383 (M.D.Fla.1994). The Court also notes its awareness of the Eleventh Circuit cases cited by the *Ross* court, such as *Powell v. Georgia Department of Human Resources*, 114 F.3d 1074 (11th Cir. 1997), and *McKinney v. Pate*, 20 F.3d 1550 (11th Cir.1994). For purposes of this motion, the Court agrees with Plaintiffs that

they have sufficiently alleged that Defendants took the minor children into "custody."

### Substantive Due Process Claims

■ Plaintiffs alleged that they were deprived of the liberty interest of "family." Although Plaintiffs have alleged that Vila and Mitchell interfered with the integrity of their family, as did the plaintiffs in *Ross*, it does not necessarily follow that Vila and Mitchell interfered with the integrity of the family given the facts alleged in this case. Unlike the defendants in *Ross*, the defendants in this case did not remove the children from both parents, and deliver them to a relative who did not have a right to custody.[1] This case involves parents who have equal rights to custody. Here, the state actors delivered the children to a parent who, by the allegations of the complaint, had a right to custody. They do not (and cannot) allege that the mother was not entitled to custody. Accordingly, this Court finds that Plaintiffs have failed to state claims for relief for violations of substantive due process rights.

### Procedural Due Process Claims

The Court assumes for purposes of this analysis that Plaintiffs have alleged a viable liberty interest which has been interfered with by the state. The issue is whether Plaintiffs met the second part of the procedural due process analysis— whether the procedures attendant upon the liberty deprivation were constitutionally sufficient.

■ Plaintiffs alleged that Vila and Mitchell failed to follow the mandates of section 39.401, Florida Statutes. As in *Ross*, Plaintiffs do not appear to challenge the adequacy of the remedy provided by

---

1. Like the plaintiffs in *Ross*, however, Plaintiffs allege that none of the state regulations and procedures were complied with prior to the minor children being taken into custody. The *Ross* court found that the defendant there, who was a social worker, enjoyed qualified immunity "in light of the Eleventh Circuit's holding that state actors responding to allegations of abuse almost never act within the contours of 'clearly established law,' and in light of Plaintiffs' failure to point to any clearly established law to support their proposition that reasonable persons in Defendant's position would know that they were in violation of Plaintiffs' rights to familial integrity." *Ross*, 15 F.Supp.2d at 1190.

the state statute. "Hence, Plaintiffs offer no alternative predeprivation procedure that [Defendant] could have or should have followed. Instead, Plaintiffs contend that Defendant's failure to follow the requirements of the statute deprived them of their liberty interests." *Ross*, 15 F.Supp.2d at 1187. "Only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney*, 20 F.3d at 1557.

*Farina v. City of Tampa*, 874 F.Supp. 383 (M.D.Fla.1994), cited by Plaintiffs, is distinguishable. In *Farina*, different Florida statutes—those involving adoption—were construed. In addressing whether the second part of the procedural due process analysis—whether the procedures attendant upon that deprivation were constitutionally sufficient—was met, the *Farina* court must have considered that the plaintiffs there were challenging the adequacy of the remedy provided by the particular adoption statutes.

Accordingly, the Court finds that Plaintiffs have failed to state a procedural due process deprivation.

### State Claims Against Sheriff

This Court refrains from exercising its supplemental jurisdiction over the claims against the Sheriff. *See* 28 U.S.C. § 1367(c); *Eubanks v. Gerwen*, 40 F.3d 1157 (11th Cir.1994). Traditionally, federal courts have declined to exercise jurisdiction over domestic relations matters. Comity dictates that these issues should be litigated in state court.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Second Amended Complaint and Notice of Adoption of Motion to Dismiss and Memorandum of Law Previously Filed (Dkt.41) is **GRANTED.** Counts I, II, III, and IV are **DISMISSED** with prejudice. Counts V, VI, and VII are **DISMISSED** without prejudice to Plaintiffs seeking redress in the state court on those pendent state law claims. The Clerk is directed to close this file.